## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY CURTIS BEAVER, | : | CIVIL NO: 4:13-CV-02542 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| UNION COUNTY, PENNSYLVANIA, | : | |
| *et al*, | : | |
| | : | |
| Defendants | : | |

## <u>REPORT AND RECOMMENDATION</u>

The plaintiff, Anthony Curtis Beaver ("Beaver"), proceeding *pro se* and *in forma pauperis*, filed an amended complaint in response to this Court's previous order dismissing his original complaint without prejudice.  Beaver also filed a motion seeking the appointment of counsel.  After screening the amended complaint in accordance with 28 U.S.C. § 1915(e)(2), we conclude that the amended complaint fails to state a claim upon which relief may be granted against one defendant and seeks monetary relief against the other defendant who is immune from such relief.   Thus, we recommend that the amended complaint be dismissed with prejudice.  In addition, because Beaver has failed to state a claim for which relief may be granted, we also recommend that his motion to appoint counsel be denied.

# I.    <u>BACKGROUND.</u>

On October 11, 2013, Beaver filed a civil-rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*.  *Docs.* 1 & 2.  We granted Beaver's application to proceed *in forma pauperis*, but after screening the original complaint, we dismissed the complaint without prejudice.  *Doc.* 5.  In dismissing the complaint, we granted Beaver leave to file an amended complaint to attempt to state a claim upon which relief can be granted against Union County and against the appropriate individuals based on his treatment in the Northumberland County Prison.  *Id.*  We did not, however, grant Beaver leave to file an amended complaint as to his claims against defendants Ulmer, Rymsza, Judge Knight, and the Northumberland County Prison.  *Id.*  On April 28, 2014, and again on May 13, 2014, Beaver filed two separate documents titled amended complaints, which we construe as one combined amended complaint.  *Docs.* 6 & 7.  On November 6, 2014, Beaver filed a motion for the appointment of counsel.  *Doc.* 8.  In the motion to appoint counsel, Beaver also attempts to bring a claim against Brian Ulmer, and we will analyze that purported claim along with the amended complaint (*Docs.* 6 & 7).

In his amended complaint, Beaver brings claims under the Eighth Amendment by way of 42 U.S.C. § 1983, and he names the Northumberland County Prison, the Honorable Louise O. Knight ("Judge Knight"), and Public

Defender Brian Ulmer ("Ulmer") as defendants. *Docs.* 6-8. Beaver alleges that while he was held at the Northumberland County Prison in 2007 and 2008, he was not given treatment or proper medication for his Post Traumatic Stress Disorder and Bipolar Disorder. *Docs.* 6 & 7. Beaver states that he has sustained irreversible damage and "[h]is Post Traumatic Stress Disorder [has become] ten times worse and his Bipolar [Disorder] is hard to handle" as a result of his stay at the Northumberland County Prison. *Doc.* 6 at 2 & *Doc.* 7 at 2. He also asserts that he lost 55 pounds during his thirteen-month stay at the Northumberland County prison and, as a result, he was taken to see a Doctor upon being transferred to the Union County Prison. *Doc.* 6.

Beaver also alleges that Judge Knight caused him to be held for thirteen-months in prison without him giving a plea to the court regarding his guilt or innocence. *Doc.* 7. In doing so, Beaver claims that it was unlawful for Judge Knight, under Pennsylvania law, to hold him for so long before bringing him to trial. *Id.*

Finally, Beaver raises claims against defendant Ulmer, his former Public Defender, based on Ulmer's representation of him during his criminal proceedings. *Doc.* 8. Beaver asserts that Ulmer refused to ask for Beaver's release on R.O.R. bail even though Beaver specifically requested such release from Ulmer. *Id.* Additionally, Beaver asserts that Ulmer conspired with the prosecution to not have

3

him released and that Ulmer did nothing to bring his case to trial. *Id.* For relief, Beaver seeks $2,000,000 for his damages as a result of his treatment at the Northumberland County Prison, $2,000,000 in damages from Judge Knight, and $2,000,000 in damages from Ulmer.

In Beaver's motion to appoint counsel, he states that he is a "Lay Person of the Law," he has computer problems, and this case is beyond his legal experience. *Doc.* 8. Beaver also states that he lost all the data on this case and he requests copies of all motions. *Id.*

## II. __Discussion.__

### A. Screening of *Pro Se* Complaints Standard of Review.

Pursuant to 28 U.S.C. § 1915(a)(1), if the plaintiff establishes that he or she is unable to pay the costs of the suit, the court may allow a plaintiff to proceed *in forma pauperis*. *In re Binsack*, 446 F. App'x 445, 447 (3d Cir. 2011). Although there is language in the statute that refers to prisoners, § 1915(a) is not restricted to prisoner suits. *Martinez v. Kristie Kleaners,* Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004). In an action in which the plaintiff is proceeding *in forma pauperis*, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>> (A) the allegation of poverty is untrue; or

> (B) the action or appeal–
>> (i) is frivolous or malicious
>> (ii) fails to state a claim upon which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

Under Section 1915(e)(2)(B)(ii), the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief

5

may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and

'"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."' *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. The Northumberland County Prison Is Not a Proper Defendant.[1]

We construe Beaver's Eighth Amendment claim against the Northumberland County Prison to be brought under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a

---

[1] In Beaver's original complaint, he asserted the same claim against the Northumberland County Prison, and that claim was also dismissed because a prison is not a proper defendant under § 1983. *See Docs.* 1 & 5.

deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

The Northumberland County Prison is not a proper defendant in this action. A prison is not a "person" subject to suit under § 1983. *See Pavalone v. Lackawanna Cnty. Prison*, Civil Action No. 1:11-CV-1444, 2011 WL 3794885, at *3 (M.D.Pa. Aug. 26, 2011) ("Because a prison or correctional facility is not a 'person' within the meaning of § 1983, the complaint against [Lackawanna County Prison] will be dismissed."). To the extent that Beaver seeks to hold someone liable under 42 U.S.C § 1983 for violating his rights at the prison relating to his medical care, he must present a claim against the individual(s) who allegedly violated his rights. The prison itself cannot be sued under § 1983. Additionally, liability under § 1983 "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Thus, a constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official, through the official's own individual actions, has violated the

Constitution." *Iqbal*, 556 U.S. at 676.

Additionally, in order for a plaintiff to allege a viable constitutional medical-care claim, he must allege facts from which it can be reasonably inferred that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Groman v. Township of Manalpan*, 47 F.3d 628, 637 (3d Cir. 1995) ("Failure to provide medical care to a person in custody can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs.").

Deliberate indifference is a subjective standard. *Farmer v. Brennann*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to

provide it; (2) delays necessary treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  The Third Circuit has also held that "[n]eedless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, . . . violates the Eighth Amendment."  *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003).

At the same time it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as a constitutional claim because medical malpractice is not a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186,192 n. 2 (3d Cir. 2002) (claims of medical malpractice, absent evidence of a culpable state of mind, do not constitute deliberate indifference under the Eighth Amendment).  Instead, deliberate indifference represents a much higher standard, one that requires "obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse*, 182 F.3d at 197 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners."  *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (citations omitted).

In this case, Beaver was specifically informed by prior order that he needed

to identify specifically the individuals who may have violated his constitutional rights based on his treatment in the Northumberland County Prison.   *Doc.* 5. Beaver instead reasserts his claims against the Northumberland County Prison; therefore he has failed to name a proper defendant.  Besides failing to name a proper defendant, Beaver has also failed to set forth any facts whatsoever that may suggest he was allegedly denied medical treatment as a result of deliberate indifference by any person, much less a proper defendant under § 1983.

### C. Judge Knight Is Entitled to Immunity from Beaver's Claims.[2]

Beaver's claims against Judge Knight are based on Judge Knight's handling of his criminal case; however, Judge Knight is entitled to judicial immunity from Beaver's claims.  Additionally, Beaver was not granted leave to to file an amended against Judge Knight.

"Although § 1983 purports to subject '[e]very person' acting under color of state law to liability for depriving any other person in the United States of 'rights, privileges, or immunities secured by the Constitution and Laws,' the Supreme Court has recognized that § 1983 was not meant to 'abolish wholesale all common-law immunities.'"  *Yarris v. County of Delaware*, 465 F.3d 129, 134-35 (3d Cir. 2006) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  There are two kinds of

---

[2]     Beaver asserted a similar claim against Judge Knight in his original complaint for her handling of his criminal case, *Doc.* 1, which we dismissed because of judicial immunity.  *Doc.* 5.

immunity under § 1983: qualified immunity and absolute immunity.  *Id.* at 135.
Although most public officials are entitled only to qualified immunity, public
officials who perform "special functions" are entitled to absolute immunity.  *Id.*
(quoting *Butz v. Economou*, 438 U.S. 478, 508 (1978)).  "[A]bsolute immunity
attaches to those who perform functions integral to the judicial process." *Williams
v. Consovoy*, 453 F.3d 173, 178 (3d Cir. 2006).  "This immunity was and still is
necessary 'to assure that judges, advocates, and witnesses can perform their
respective functions without harassment or intimidation.'" *McArdle v. Tronetti*,
961 F.2d 1083, 1084 (3d Cir. 1992) (quoting *Butz*, 438 U.S. at 512).

Courts use a functional approach to determine whether absolute or qualified
immunity applies.  *Forrester v. White*, 484 U.S. 219, 224 (1988).  The inquiry
focuses on the nature of the function performed, not the identity of the actor who
performed it.  *Id.*  "The Supreme Court long has recognized that judges are
immune from suit under section 1983 for monetary damages arising from their
judicial acts." *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 769, 768 (3d
Cir. 2000).  The Court has described the reasons for recognizing judicial immunity
as follows:

> [T]he nature of the adjudicative function requires a judge
> frequently to disappoint some of the most intense and ungovernable
> desires that people can have…. [T]his is the principal characteristic
> that adjudication has in common with legislation and with criminal
> prosecution, which are two other areas in which absolute immunity
> has most generously been provided.  If judges were personally liable

> for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

*Forrester*, 484 U.S. at 226-27 (citations omitted).

We engage in a two-part analysis to determine whether judicial immunity is applicable. *Gallas*, 211 F.3d at 768. First, because immunity only applies to actions taken in a judge's judicial capacity, we must determine whether the challenged actions of the judge were taken in his or her judicial capacity. *Id.* The relevant factors "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 768-69 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). "Our task is to 'draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges,' such as administrative acts." *Id.* (quoting *Forrester*, 484 U.S. at 227).

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* In this regard, "we must distinguish between acts in the 'clear absence of all jurisdiction,' which do not enjoy the protection of absolute immunity, and acts that are merely in 'excess of jurisdiction,' which do enjoy that protection." *Id.* at 769 (quoting *Stump*, 435 U.S.

at 356 n. 6). Judicial immunity shields a judge from liability for judicial acts even if those acts were taken in error, if they were done maliciously, if they were in excess of the judge's authority, if the judge committed grave procedural errors, or if the judge's actions were unfair or controversial. *Id.* at 769. A judge will be subject to liability only when he or she has acted in the clear absence of all jurisdiction. *Id.* "In sum, our analysis must focus on the general nature of the challenged action, without inquiry into such specifics as the judge's motive or the correctness of his or her decision." *Id.*

As set forth by Beaver, the allegations in his amended complaint make it clear that Judge Knight was acting in a judicial capacity in presiding over Beaver's underlying criminal case and that she was not acting in the complete absence of jurisdiction. Beaver claims that Judge Knight did not have the right to hold him for 13 months before he gave a plea to the court regarding his guilt or innocence. Nothing in the amended complaint suggests that Judge Knight was acting absent jurisdiction and Beaver has not alleged as much. He does allege that Judge Knight created her own laws and court proceedings, but this claim has no foundation and is conclusory at best. Accordingly, Judge Knight is entitled to judicial immunity from Beaver's claims. Notwithstanding the judicial immunity determination, Beaver's claims should also be dismissed, as he was not previously given leave to amend the complaint against Judge Knight.

### D. The Amended Complaint Fails to State a Claim Against Defendant Ulmer Upon Which Relief May Be Granted.

Beaver raises claims against defendant Ulmer based on Ulmer's representation of him during the underlying criminal proceedings. He asserted the same or similar claim against Ulmer in his original complaint, *Doc.* 1, which was dismissed because Ulmer was not acting under the color of state law. *Doc.* 5. In addition, in this Court's prior order, Beaver was not given leave to amend his complaint against Ulmer. *Id.* Beaver, therefore, has also failed to state a claim upon which relief may be granted against Ulmer.

To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under the color of state law. *Woloszyn*, 396 F.3d at 319. The requirement that a defendant act under color of state law is essential in order to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). A public defender's conduct in representing a client in a criminal case does not by itself rise to the level of state action entitling a state prisoner to bring a federal civil-rights action against his own prior counsel. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).

Because Ulmer was not acting under the color of state law in his

representation of Beaver, Beaver may not maintain a § 1983 claim against Ulmer. Thus, Beaver has again failed to state a claim against Ulmer.  In any event, by this Court's prior order, this claim was previously dismissed for failure to state a claim upon which relief may be granted and Beaver was not given leave to amend this claim. *Doc.* 5.

### E. Beaver Should Not Be Granted Further Leave to Amend.

In the order dismissing Beaver's original complaint, we dismissed the complaint without prejudice so that Beaver would be able to file an amended complaint; but only for his claims against Union County and the appropriate individuals based on his treatment in the Northumberland County Prison. *Doc.* 5. In that same order we provided Beaver with the applicable legal standards to assist him in stating a claim if he chose to file an amended complaint. *Id.*  We also cautioned Beaver that if he failed to state a claim in the amended complaint, we would dismiss the amended complaint. *Id.*

In Beaver's amended complaint, he re-alleges the same or similar claims that he asserted in his original complaint against the Northumberland County Prison, Judge Knight, and Ulmer. *Docs.* 1, 6, 7 & 8.  As in the original complaint, the Northumberland County Prison is not a proper defendant under § 1983, Judge Knight is entitled to judicial immunity, and Defendant Ulmer was not acting under the color of state law.  Moreover, Beaver was given leave to amend his complaint

only against Union County and against the appropriate individuals based on his treatment in the Northumberland County Prison, *Doc.* 5, yet failed to do so. As such, it would be futile to allow Beaver another opportunity to further amend his complaint.

### F. The Motion to Appoint Counsel.

Beaver also requests this Court to appoint counsel to represent him. It is well-settled that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Yet, 28 U.S.C. § 1915(e)(1) provides that the Court may request an attorney to represent an indigent litigant in a civil case. While the court has broad discretion to request an attorney to represent an indigent civil litigant, *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), it may not require an unwilling attorney to accept an appointment in a civil case. *Mallard v. U.S. District Court*, 490 U.S. 2396, 310 (1989). The Third Circuit has developed a number of factors that the Court should consider to determine whether counsel should be appointed. *See Tabron,* 6 F.3d at 155-57.

To decide this motion, however, it is not necessary to consider the factors set forth in *Tabron* because Beaver has failed to state a claim for which relief may be granted. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002) (finding that the threshold inquiry is whether the plaintiff's case has some arguable

merit in fact and law).  As such, Beaver's motion to appoint counsel should be denied.

## III.  <u>Recommendation.</u>

Accordingly, for the foregoing reasoning, **IT IS RECOMMENDED** that the amended complaint be **DISMISSED WITH PREJUDICE**, that the motion to appoint counsel **BE DENIED**, and that the case be closed.

The Parties are further placed on notice to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen  (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **18th** day of **November, 2014**

> **_S/ Susan E. Schwab_**
> Susan E. Schwab
> United States Magistrate Judge